UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO SPENCER,<br><br>         Plaintiff,<br><br>v.<br><br>PIER JOHANSON,<br><br>         Defendant. | Case No.: 17cv1798-LAB (JLB)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**ORDER OF DISMISSAL** |

  Plaintiff Alonzo Spencer, proceeding *pro se*, filed his complaint in this case along with a motion to proceed *in forma pauperis* and a motion for appointment of counsel. The IFP motion shows Spencer lacks the funds to pay the filing fee, and the motion is **GRANTED**. The motion for appointment of counsel, however, is incomplete. Spencer used a form to prepare this motion. In the area where he was to have described his efforts to find an attorney to represent him, Spencer has said nothing.

  A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Under Fed. R. Civ. P. 8(a), every complaint filed in federal court must contain a short and plain statement of the grounds for the Court's jurisdiction, and a short and plain statement of the claim showing that the plaintiff is entitled to relief. The complaint, which is illegible in places, alleges that Spencer worked for Falkenburg/Gilliam, Inc. Later Pier Johanson was hired. Spencer alleges that Johanson harassed him on the job. The complaint also says Johanson "took the Plaintiff to his Kang[a]roo Court" after which Spencer was fired. Spencer is suing Johanson only, not Falkenburg/Gilliam or anyone else. A review of state court records shows that spencer sued Johanson in 2009 for harassment, and Falkenberg/Gilliam Associates in 2013 for wrongful termination.[1]

Besides failing to state a claim, the complaint identifies no basis for the Court's exercise of jurisdiction in this case. Spencer's alleged harassment by a co-worker might be actionable in state court, but it is not actionable here. Furthermore, it appears Spencer already brought his claims in state court, which deprives this Court of jurisdiction to hear them, under the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1154–56 (9th Cir. 2003).

Even if Spencer had shown why counsel could or should be appointed, he is not bringing any claims over which the Court can exercise jurisdiction. The complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, and for failure to invoke the Court's jurisdiction. The motion for appointment of counsel is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: September 11, 2017

Hon. Larry Alan Burns
United States District Judge

---

[1] Spencer's spelling of these parties' names has been inconsistent, but the two state law cases appear to involve the exact same people. In the 2009 state court proceeding, the defendant's name is spelled both as "Per Johnson" and "Pierce Johnson".